United States District Court
Southern District of Texas
**ENTERED**
March 17, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| ADRIAN SANTIESTEBAN-PUPO, § <br> Petitioner § <br> § <br> § <br> v. § <br> § <br> § <br> ATTORNEY GENERAL § <br> MERRICK GARLAND,[1] ET AL., § <br> Respondents § | Civil Action No. 1:20-cv-136 |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of pro se Petitioner Adrian Santiesteban-Pupo's "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (hereinafter, Santiesteban-Pupo's "Petition"). Dkt. No. 1. Respondents have filed a Motion to Dismiss Santiesteban-Pupo's Petition pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 10. Respondents have also filed a "Notice and Supplement to Motion to Dismiss." Dkt. No. 12. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Respondents' requests for dismissal on mootness grounds; (2)

---

[1] Santiesteban-Pupo originally sued William Barr in is official capacity as the United States Attorney General. Dkt. No. 1 at 1, 3. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, U.S. Attorney General Merrick Garland is automatically substituted as the proper defendant in this lawsuit. *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

**DISMISS** Santiesteban-Pupo's Petition as moot; and, (3) **DIRECT** the Clerk of the Court to **CLOSE** this case.

## I. Legal Standards

**A. FED. R. CIV. P. 12(b)(1)**. "Federal courts are courts of limited jurisdiction[.]" *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). The party asserting jurisdiction "constantly bears the burden of proof" to show that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim for lack of subject matter jurisdiction when it lacks the constitutional or statutory power to adjudicate the claim. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court may dismiss an action for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986).

**B. Local Rule 7.4**. Local Rule 7.4 provides that a party's failure to respond to a motion "will be taken as a representation of no opposition." *See* Rule 7.4 of the Local Rules of the United States District Court for the Southern District of Texas. *See also* Rule 6(C), Civil Procedures of Judge Rolando Olvera ("Failure to respond to an opposed motion will be taken as a representation of no opposition."). Nevertheless, a district court

may not grant a motion to dismiss simply because the plaintiff has failed to respond. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Guidry v. Wells Fargo Bank, N.A.,* No. CV H-16-2618, 2017 WL 58845, at *1 (S.D. Tex. Jan. 4, 2017). The court must still assess the legal sufficiency of the plaintiff's claims to determine if dismissal is warranted. *Id.* When a prima facie showing of entitlement to relief is shown, "the court may accept as undisputed the movant's version of the facts[.]" *Atain Specialty Ins. Co. v. Sai Darshan Corp.*, 226 F. Supp. 3d 807, 813 (S.D. Tex. 2016) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) and *John v. Louisiana (Bd. of Trustees)*, 757 F.2d 698, 708 (5th Cir. l985)).

## II. Discussion

Santiesteban-Pupo's Petition states that that he has been in the custody of U.S. Immigration and Customs Enforcement ("ICE") awaiting deportation since June 20, 2019. Dkt. No. 1 at 3. He argues that the length of his detention violates his constitutional and statutory rights. *Id*. at 4-9. In addition to attorney's fees, costs, and injunctive relief, he seeks a release from ICE detention. *Id*. at 9. On November 2, 2020, Respondents filed a Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter, Respondents' "Motion to Dismiss"). Dkt. No. 10. Respondents' Motion to Dismiss primarily argues that Santiesteban-Pupo is not entitled to relief because: (1) there is a significant likelihood that he will be removed back to Cuba in the reasonably foreseeable future; and (2) his own refusal to board the plane back to Cuba prevents him from prevailing on his claims. *Id*. at 1.

Santiesteban-Pupo did not file a timely response to Respondents' Motion to Dismiss, nor has he otherwise disputed any of the factual claims made in Respondents' Motion to Dismiss. On March 16, 2021, Respondents filed a "Notice and Supplement to Motion to Dismiss" (hereinafter, Respondent's "Notice"). Dkt. No. 12. Respondent's Notice states that Santiesteban-Pupo's Petition is now subject to dismissal because they have released him. *Id.* at 2. More specifically, Respondents state that they have released Santiesteban-Pupo from their custody pursuant to an "Order of Supervision[;]" therefore, his case "should be dismissed as moot and/or for want of subject matter jurisdiction." *Id.*

The exhibits Respondents have submitted in support of their Notice confirm that Respondents released Santiesteban-Pupo pursuant to an Order of Supervision on March 16, 2021. *See* Dkt. No. 13 at 2 ("On March 16, 2021, ERO Gadsen released Petitioner on an Order of Supervision. Petitioner stated he will be residing at 638 SW 21st Ave. Apt. 4 Miami, FL 33135. The document attached to this declaration, identified as Exhibit A, is a true and correct copy of an EADM document in the official [ICE] database pertaining to detainee Santiesteban-Pupo."). Accordingly, because Santiesteban-Pupo's Petition only challenges his physical detention, and not the terms of his release or any other collateral consequence of his detention, his Petition is subject to dismissal pursuant to Rule 12(b)(1) on mootness grounds. *See Lam v. DHS-ICE-Port Isabel Det. Ctr.*, No. 1:18-CV-096, 2018 WL 4974100, at *1 (S.D. Tex. Sept. 19, 2018), *report and recommendation adopted*, No. 1:18-CV-096, 2018 WL 4964510 (S.D. Tex. Oct. 15, 2018) ("To the extent that Lam's Petition challenges his physical detention, his Petition is subject to dismissal on mootness grounds because he has been released."); *Qiang Jin Lin v. Nielsen*, No. 1:18-CV-078, 2018 WL 4055357, at *1 (S.D. Tex. July 24,

2018), *report and recommendation adopted*, No. 1:18CV78, 2018 WL 4054883 (S.D. Tex. Aug. 24, 2018) ("Lin's Petition only challenged his ICE detention, and not the current terms of his supervised release, or any other collateral consequence of his detention. Accordingly, for the reasons correctly provided by Respondents, Lin's Petition and case are now moot, and should be DISMISSED.") (internal record citations omitted); *Ramos v. Olivarez*, Civil Action No. B–14–266, 2015 WL 12840469, at *3 (S.D. Tex., July 31, 2015), *report and recommendation adopted,* (S.D. Tex., Aug. 31, 2015) ("Ramos's Petition contests his prolonged detention in ICE's custody, and asks the Court to order his release from that custody. Having been released from that custody, Ramos's Petition and case are now moot and should be dismissed.") (collecting cases).[2]

### III. Recommendation

It is recommended that the Court: (1) **GRANT** Respondents' requests for dismissal on mootness grounds; (2) **DISMISS** Santiesteban-Pupo's Petition as moot; and, (3) **DIRECT** the Clerk of the Court to **CLOSE** this case.

### IV. Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen

---

[2] Further, because his claims are moot, and because he did not file a response to Respondents' Motion to Dismiss (Dkt. No. 10 at 5-13), he has not shown an entitlement to attorney's fees, costs, or injunctive relief. *See* Rule 7.4 of the Local Rules of the United States District Court for the Southern District of Texas (noting that a party's failure to respond to a motion "will be taken as a representation of no opposition."). *See also* Rule 6(C), Civil Procedures of Judge Rolando Olvera ("Failure to respond to an opposed motion will be taken as a representation of no opposition.").

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    **SIGNED** on this **17th** day of March, 2021, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge